IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Hicks a/k/a Dude Hicks, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Smith County; TDCJ; Texas Department ) <br> of Criminal Justice; and the President, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 1:24-cv-4000-BHH <br><br> **<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Larry Hicks' ("Plaintiff") pro se complaint against Smith County, TDCJ, Texas Department of Criminal Justice, and the President (collectively, "Defendants"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On August 1, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court transfer this case to the United States District Court for the Eastern District of Texas for all further proceedings because venue is not proper in the District of South Carolina. (ECF No. 6 (citing 28 U.S.C. §§ 1404(a) and 1406(a)).) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On August 20, 2024, Plaintiff filed objections stating:

> Here's the deal . . . every single judicial official in Tyler, Texas, Smith County, is guilty of the building on Morningside Drive, and I do not trust them, and, I cannot trust them, and you even know it!
> Now, thank you for keeping 1:24-cv-4000-BHH in Columbia, South Carolina where I can get a fair shake at the pro se lawsuit that you know I deserve, big time!!!!!!!

(ECF No. 13.) Plaintiff also subsequently filed a number of largely nonsensical letters and documents. (*See* ECF Nos. 14-26.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Here, after careful review, the Court finds no merit to Plaintiff's objections and his other filings. Stated plainly, nowhere does Plaintiff explain how venue is proper in this District, and the Court finds no basis to alter the Magistrate Judge's findings. As the Magistrate Judge properly explained, Plaintiff is a Texas state prisoner; Smith County is a county in Texas; Plaintiff lists Huntsville, Texas, as the address for the Texas Department of Criminal Justice; no Defendant resides in South Carolina; and nor did a substantial part of the alleged acts or omissions giving rise to Plaintiff's claims occur in South Carolina. Accordingly, the Court agrees with the Magistrate Judge that venue is simply not proper in this District.

Based on the foregoing, the Court adopts the Magistrate Judge's Report (ECF No. 6); the Court overrules Plaintiff's objections (ECF No. 13); and the Court transfers this action to the United States District Court for the Eastern District of Texas for further disposition.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 4, 2024
Charleston, South Carolina