UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00444

**Larry Hicks,**
*Plaintiff,*

v.

**Smith County et al.,**
*Defendants.*

# ORDER

Plaintiff Larry Hicks, a prisoner in the Texas Department of Criminal Justice proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983 complaining of alleged deprivations of his constitutional rights. Doc. 1. The case was referred to United States Magistrate Judge John D. Love.

Plaintiff contends that Smith County, the Texas Department of Criminal Justice, and the President of the United States tried to murder him two years ago. *Id.* at 5. He says that he has asked for radiation testing due to being exposed to a "baby grey alien clone," which was at the Telford Unit to kill him. *Id.* at 6.

Plaintiff has a lengthy history of filing frivolous and malicious lawsuits, including making what the magistrate judge aptly described as "vile and untrue accusations against various public officials." Doc. 30 at 1. The court previously sanctioned plaintiff by directing that the clerk shall not accept from plaintiff any further lawsuits, documents, pleadings, correspondence, letters, notices, or motions in any suit, including previous and newly filed cases, that do not bear the signature of a licensed attorney admitted to practice in the Eastern District of Texas. *Hicks v. Skeen*, No. 6:18-cv-00400, Doc. 23 at 2 (E.D. Tex. Jan. 14, 2020).

Plaintiff filed the present case in the U.S. District Court for the District of South Carolina in a transparent attempt to evade the sanction. That court then transferred it to the Eastern District of Texas. This lawsuit is not signed by a licensed attorney

admitted to practice in the Eastern District of Texas and is thus barred by the court's prior sanction.

On December 9, 2024, the magistrate judge entered a report recommending that the lawsuit be dismissed as frivolous and improperly filed. Doc. 30 at 2. The magistrate judge also recommended that an additional sanction of $100.00 be imposed upon plaintiff for his continued abuse of the judicial process. *Id.*

Plaintiff filed objections largely devoted to making accusations against the magistrate judge. He discusses the Smith County Juvenile Detention Facility at length, saying that it is "built in the shape of a little boy," but plaintiff fails to show how this is relevant even if it were true. Doc. 31 at 2; Doc. 32 at 2. These objections fail to address the merits of the magistrate judge's report.

Plaintiff also objects to the imposition of sanctions. The court will address the magistrate judge's recommendation, noting that "the sanctioning court must use the least restrictive sanction necessary to deter the inappropriate behavior." *In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002).

Plaintiff has filed at least 19 cases in the Eastern District of Texas, almost all of which have been dismissed and at least five of which were dismissed as frivolous. Plaintiff has been warned multiple times that the continued filing of frivolous lawsuits "may result in the imposition of sanctions, monetary or otherwise, in accordance with Fed. R. Civ. P. 11." *Hicks v. Bingham*, No. 6:18-cv-00308, Doc. 79 at 8–9 (E.D. Tex. Sept. 21, 2018); *Hicks v. Gentry*, No. 6:18-cv-00358, Doc. 25 at 3 (E.D. Tex. Sept. 21, 2018). The court imposed on plaintiff nonmonetary sanctions by directing that the clerk shall not accept from plaintiff any further lawsuits, documents, pleadings, correspondence, letters, notices, or motions in any lawsuit, including new or previously filed cases, that do not bear the signature of a licensed attorney admitted to practice in the Eastern District of Texas. *Hicks v. Skeen*, No. 6:18-cv-00400, Doc. 23 at 2 (E.D. Tex. Jan. 14, 2020). The court then "dismissed with prejudice as frivolous" two newer cases filed by plaintiff. *Hicks v. Everyone Who is a Jud. Off.*, No. 6:23-cv-00324,

Doc. 5 at 2 (E.D. Tex. Nov. 9, 2023); *Hicks v. Mitchell*, No. 6:23-cv-00325, Doc. 10 at 2 (E.D. Tex. Oct. 23, 2023).

    Federal courts have those inherent powers "deemed necessary to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). This includes "the power to levy sanctions in response to abusive litigation practices." *Id.*

    Plaintiff's continued abuse of the judicial process has now extended to filings in other district courts in an attempt to avoid this court's previous sanctions. Doc. 30. Though a prefiling injunction is "the most stringent sanction" that courts may impose upon abusive litigants, *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993), plaintiff's previous cases show that these sanctions "have proved inadequate." *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 223 (5th Cir. 1989).

    Further, it can be appropriate to impose monetary sanctions when a pro se prisoner proceeding *in forma pauperis* files "plainly frivolous, malicious and vexatious" actions. *Vinson v. Tex. Bd. of Corr.*, 901 F.2d 474, 475 (5th Cir. 1990) (finding "frivolous" a prisoner's appeal of a $150 sanction for costs by the district court); *see also Jackson v. Carpenter*, 921 F.2d 68, 69 (5th Cir. 1991) (affirming district court's imposition of $30 sanction on pro se prisoner who abused the litigation process). Though the court is "cautious" when imposing sanctions on a litigant appearing pro se, these individuals "are not granted unrestrained license to pursue totally frivolous" claims. *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987). To better deter plaintiff's frivolous filings, monetary sanctions are appropriate.

    Having reviewed the magistrate judge's report and the objections de novo, the court overrules plaintiff's objections and accepts the report's findings and recommendations. The court dismisses this case with prejudice as frivolous and improperly filed. Any pending motions are denied as moot.

Plaintiff Larry Hicks (TDCJ No. 02270069) is hereby sanctioned in the amount of $100.00 for his continued abuse of the judicial process. The clerk shall notify TDCJ of this order via email or by mailing a copy of this order to the TDCJ Inmate Trust Fund, Attention Court Collections, P.O. Box 629, Huntsville, Texas 77342-0629, so that money may be withdrawn from plaintiff's account and forwarded to the court until the entire sum is paid. The agency having custody of plaintiff shall deduct 20% of each deposit made to plaintiff's inmate trust account and forward payments to the court on a regular basis provided the account exceeds $10.00 until the full $100 sanction is satisfied. In the event that plaintiff is transferred to another facility or agency, the facility personnel are requested to place a copy of this order in plaintiff's transfer paperwork so that the new holding institution may continue the deductions as set out above.

Hicks is further cautioned that, should he continue to file frivolous documents in this, or any other case, the court will impose additional sanctions against him, including, but not limited to, additional monetary sanctions. *See Jackson*, 921 F.2d at 69 (cautioning a pro se prisoner that the continued abuse of the legal system "will trigger increasingly severe sanctions, including the ultimate denial of access to the judicial system absent specific prior court approval").

*So ordered by the court on February 6, 2025.*

J. CAMPBELL BARKER
United States District Judge